UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Case No:

JAVIER MONGE,

        Plaintiff,

v.

SOO-IL KOH, DAVID KOH, KYONG-SIL KOH, and BRIAD WENCO, L.L.C.,

        Defendants.
_____/

## AMENDED COMPLAINT

Plaintiff, JAVIER MONGE, by his undersigned counsel, hereby files this Complaint and sues Soo-Il Koh, David Koh and Kyong- Sil Koh., for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. Section 1281, et seq., ( hereinafter the "A.D.A".), the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter the "ADAAG"), and the New York State Human Rights Law (NYSHRL), Executive Law, Section 290 et,seq,

### JURISDICTION

1.    This Court has original jurisdiction over the action pursuant to 28 U.S.C., Sections 1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. Section 1281. et seq., based upon Defendant's violations of Title III of the ADA (see also, 28 U.S.C. Sections 2201 and 2202).

### PARTIES

2. Plaintiff is a resident of the State of New York and this jurisdictional district, and is disabled as defined by the ADA and substantially limited in performing one or more major life activities, including but not limited to walking standing, standing, grabbing, grasping and/or pinching. Plaintiff uses a wheelchair for mobility purposes. Plaintiff's access to the facility and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages, and/or accommodations offered therein was denied and/or limited because of these disabilities, and will be denied and/or limited in the future unless and until Defendant is compelled to remove the physical barriers to access and ADA violations which exist at the facility, including but not limited, to those set forth in the Complaint.

3. The defendants Soo-Il Koh, David Koh and Kyong-Sil Koh, transact business in the State of New York and within this judicial district. Defendants are the owners, and/or lessors, of the real property and improvements which are the subject of this action, commonly referred to as a Wendy's Restaurant located on or about 44-16 Queens Boulevard, Sunnyside, New York, (hereinafter the "facility").

4. The defendant Briad Wenco, L.L.C., is the owner, and or operator of the Wendy's Restaurant located on or about 44-16 Queens Boulevard, Sunnyside, New York (hereinafter the facility.)

5. The defendants' facility is a public accommodation and service establishment, and although required by law to do so, it is not in compliance with the ADA and ADAAG, and the New York State Human Rights Law.

6. Plaintiff visited the facility and encountered barriers to access at the facility, and engaged those barriers, suffered legal harm and injury, and will continue to suffer legal harm

and injury as a result of the illegal barriers to access, and Defendant's ADA violations set forth herein.

7. Plaintiff has suffered and continues to suffer direct and indirect injury as a result of the ADA violations that exist at the facility and the actions or inactions described herein.

8. All events giving rise to this lawsuit occurred in the State of New York. Venue is proper in this Court as the premises are located in the Eastern District.

### FACTUAL ALLEGATIONS AND CLAIM

9. Plaintiff has attempted to and has, to the extent possible, accessed the facility, but could not do so because of his disabilities due to the physical barriers to access, dangerous conditions and ADA violations that exist at the facility that restrict and/or limit his access to the facility and/or the goods, services, facilities, privileges, advantages and/0r accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

10. Plaintiff intends to visit the facility again in the near future in order to utilize all of the goods, services, facilities, privileges, advantages, and/or accommodations commonly offered at the facility, but will be unable to do so because of his disability due to the physical barriers to access, dangerous conditions and ADA violations that exist at the facility that restrict and/or limit his access to the facility and/or accommodations offered therein, including those barriers conditions and ADA violations more specifically set forth in this Complaint.

11. Defendant has discriminated against Plaintiff and others with disabilities by denying access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the facility, as prohibited by 42 U.S.C., Section 12182, et.seq., and by failing to remove architectural barriers as required by 42 U.S.C., Section

12182(b)(2)(A)(iv), and the New York State Humans Right Law and will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the facility, including those specifically set forth herein, and make the facility accessible to and usable by persons with disabilities, including Plaintiff.

12. Defendant has discriminated against Plaintiff by failing to comply with the above requirements. A specific, although not exclusive, list of unlawful physical barriers, dangerous conditions and ADA violations which preclude and/or limit Plaintiff's ability (because of his disability) to access the facility and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the facility include:

a. There is non-compliant door hardware that requires tight pinching and grasping, and, or does not accommodate a paralysis closed fist in violation of ADAAG 4.13.9.

b. There is not the required side approach on the pull side of the main entrance doors in violation of ADAAG 4.13.6.

c. There are counters and service windows that are inaccessible because they are higher than 36 inches in violation of ADAAG 5.2.

d. There is a lack of required clear floor space and maneuvering space between the main doors and vestibule doors in violation of ADAAG 4.13.6

e. There is not a required number of accessible tables in the dining room in violation of ADAAG 5.4

f, There are restrooms at the facility that are inaccessible due to, non-compliant accessible stalls that lack the required clear floor space and maneuvering space, non-compliant accessible toilets, non-compliant grab bars, restroom doors that lack the required width, lack of insulated pipes, non-compliant hardware, non-compliant mirrors, non-compliant urinal, and lack of compliant maneuvering space and turning radius in violation of ADAAG 4.22, and 4.13.9

13. The above listing is not to be considered all-inclusive, of the barriers, conditions, or violations encountered by Plaintiff and/or which exist at the facility, Plaintiff requires a full inspection of the facility in order to determine all of the discriminatory acts violating the ADA.

14. Plaintiff has attempted to gain access to the facility, but because of his disability has been denied access to, and has been denied the benefits of services, programs, and activities of the facility, and has otherwise been discriminated against and damaged by Defendant, because of the physical barriers, dangerous conditions and ADA violations se forth above, and expects to be discriminated against in the future, unless and until Defendant is compelled to remove the unlawful barriers and conditions and comply with the ADA.

15. The removal of the physical barriers, dangerous conditions and ADA violations set forth herein is readily achievable and can be accomplished and carried out without much difficulty or expense. 42 U.S.C. Section 12182(B)(2)(A)(iv); 42 U.S.C. Section 12181(9); 28 C.F.R, Section 36.304.

16. Plaintiff is without adequate remedy at law and is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until

Defendant is required to remove the physical barriers, dangerous conditions and ADA violations that exist at the facility, including those set forth herein.

17. The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by the Defendant, pursuant to 42 U.S.C., Section 12205 and 12217.

18. Pursuant to 42 U.S.C. Section 12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an order to alter the subject facility to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, and closing the subject facility until the requisite modifications are completed.

**WHEREFORE,** Plaintiff respectfully requests that the Court issue a permanent injunction enjoining Defendant from continuing is discriminatory practices, ordering Defendant to remove the physical barriers to access and alter the subject facility to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, closing the subject facility until the barriers are removed and requisite alterations are completed, and awarding Plaintiff his reasonable attorney's fees, expert fees, costs and litigation expenses incurred in this action.

Respectfully submitted,

*/s/ Jennifer E. Tucek*

JENNIFER E. TUCEK, ESQ.
641 Lexington Avenue
Fourteenth Floor
New York, N.Y. 10022
(212) 634-6340
Attorney for Plaintiff